-IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KIBWE RAYFORD, JR.,**　　　　　　　　　CASE NO. 3:25 CV 347

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**WHITEFORD KENWORTH,**
　　　　　　　　　　　　　　　　　　　　**MEMORANDUM OPINION**
　　Defendant.　　　　　　　　　　　　　**AND ORDER**

### INTRODUCTION

This Complaint is one of many in a long line of employment discrimination cases with which *pro se* Plaintiff Kibwe Rayford, Jr. has flooded the Lucas County Court of Common Pleas and, in turn, this Federal Court upon removal by the Defendants. *See Rayford, Jr. v. Amazon.com Services, LLC*, No. 3:24-cv-02195-JGC (N.D. Ohio) (removed Dec. 17, 2024); *Rayford, Jr. v. Kyle Media, Inc.*, No. 3:25-cv-00269-JRK (N.D. Ohio) (removed Feb. 12, 2025); *Rayford, Jr. v. Checkers Drive-In Restaurants, Inc.*, No. 3:25-cv-00294-JRK (N.D. Ohio) (removed Feb. 14, 2025); *Rayford, Jr. v. Panda Restaurant Group, Inc.*, No. 3:25-cv-00326-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. Sigma Technologies, Ltd.*, No. 3:25-cv-00329-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. Advocates for Basic Legal Equality, Inc.*, No. 3:25-cv-00332-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. CCFI Companies, LLC*, No. 3:25-cv-00338-JJH (N.D. Ohio) (removed Feb. 19, 2025); *Rayford, Jr. v. Krispy Kreme Doughnut Corporation*, No. 3:25-cv-00345-JRK (N.D. Ohio) (removed Feb. 20, 2025); *Rayford, Jr. v. Whiteford Kenworth*, No. 3:25-cv-00347-JJH (N.D. Ohio) (removed Feb. 20, 2025); *Rayford, Jr. v. Boy Scouts of America*, No. 3:25-cv-00348-JJH (N.D. Ohio) (removed Feb. 20, 2025); *Rayford, Jr. v. Lucas County Workforce Development*, No. 3:25-cv-00350-JJH (N.D. Ohio) (removed Feb.

21, 2025); *Rayford, Jr. v. Board of Lucas County Commissioners*, No. 3:25-cv-00351-JRK (N.D. Ohio) (removed Feb. 21, 2025); *Rayford, Jr. v. Hospital Service Associates, Inc.*, No. 3:25-cv-00362-JJH (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Hirzel Canning Company*, 3:25-cv-00365-JRK (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Impact Employment Solutions*, 3:25-cv-00366-JRK (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Concord Care Center of Toledo*, No. 3:25-cv-00372-JJH (N.D. Ohio) (removed Feb. 25, 2025); *Rayford, Jr. v. Northwest Ohio Realtors*, No. 3:25-cv-00380-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Community Health Services*, No. 3:25-cv-00381-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Libbey Glass LLC*, No. 3:25-cv-00382-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Fresh Products, LLC*, 3:25-cv-00432-JJH (N.D. Ohio) (removed Mar. 4, 2025).

## BACKGROUND

In each of the removed actions, Plaintiff utilizes the same self-styled form Complaint, changing only the name of the defendant and the position for which he applied. In all other respects, the form is the same in each case. The form Complaints contain no facts specific to their respective case and simply list causes of action as Title VII, 42 U.S.C. §2000e, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 42112, and Title XV the Equal Employment Opportunity Act ("EEOA") 47 U.S.C. §554. The form states only that he applied for a position and contains spaces for him to write in the job for which he applied, the date he applied, and the date on which the application was denied. The form then states that although he "surpass [sic]or meets the qualifications, … [he] was not selected for Interview or considered for hiring practices." (Doc. 1-1, at 4). The form Complaint states:

> The discriminatory conduct of which Plaintiff complain [sic] in this action includes:
>     a. Failure to Hire
>     b. Unequal terms and conditions of employment

2

    c. Retaliation

Defendant discriminated against Plaintiff based on:

  a. Race
  b. Color
  c. Gender
  d. National Origin
  e. Disability
  f. Education

*Id.* The form Complaint seeks $ 15,000.00 in damages. *Id.* at 5.

On the form Complaint in this case, Plaintiff named Whiteford Kenworth as a defendant and indicated he applied for a position as Talent Acquisition Recruiter on April 6, 2024. *Id.* at 4. He indicates that he was denied employment on April 12, 2024. *Id.* at 5. These facts are the only factual allegations in the Complaint specific to this case. The rest of the form reads as stated above.

On February 20, 2025, Defendant filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 3). Defendant asserts that Plaintiff's claim must be dismissed because Plaintiff failed to exhaust his administrative remedies against them as required by Title VII and the ADA. Defendant also asserts that Plaintiff has failed to plead that Title XV of the EEOA is applicable to Defendant.

## STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual

3

allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal* further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff's prolific filing of frivolous form Complaints is patently vexatious. Plaintiff filed 48 cases in the Lucas County Court of Common Pleas in late January 2025, of which over 20 have been removed to this federal court to date. Thirty of those cases were filed on the same day, January 17, 2025, and eighteen of them were filed five days later, on January 23, 2025. Each day, this Court receives more cases using the same form Complaint. Plaintiff has not put forth a sincere effort to draft a pleading that contains facts specific to each case or an explanation of why he believes he is entitled to relief from any specific defendant under the various statutes identified. The Complaints do not appear to seek real relief from the defendants. At best, this conduct could

4

be construed as a misguided attempt to supplement his income through frivolous litigation, hoping one of these cases will produce a settlement or a judgment in his favor. Viewed less generously, it could be construed as harassment of the defendants and courts. Neither is a proper use of this Court's time and resources.

The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claims with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, the Supreme Court has held that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 677-78 ("[A] complaint [will not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). The Sixth Circuit clarified the scope of *Twombly* and *Iqbal*, noting that "even though a Complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.'" *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555) (alteration in original).

Plaintiff's Complaint never rises above the speculative level. He provides no facts specific to this case, and the Court is left to guess his race, color, gender, national origin, and disability; what the actual qualifications for the position were; whether Plaintiff truly met all of those qualifications; and what facts, if any, support his assertion that a decision was made not to hire him and that such decision was based on prohibited criteria. The form Complaint merely states that he applied for a job and ultimately was not offered employment. Simply applying for a job, even if fully qualified, does not guarantee employment, and failure to offer an employment interview, alone, is not a violation of federal law. Plaintiff's bare bones form Complaint, devoid of factual allegations and composed entirely of legal conclusions, is not sufficient to meet even the

minimum basic pleading requirements in federal court. *See* Fed. R. Civ. P. 8 (a complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct" allegations); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (holding legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept "unwarranted factual inferences"). Plaintiff's repeated filings of the same form Complaint lacking any factual basis is frivolous. Defendant's Motion to Dismiss is granted.

Additionally, Plaintiff filed a Motion for Judgment, Motion to Dismiss Defendant's Motion to Dismiss (Doc. 6). And after being permanently enjoined from filing new actions without leave of court, *see Rayford v. Kyle Media, Inc.*, 3:25-cv-00269 (N.D. Ohio Feb. 28, 2025) (Doc. 7), Plaintiff filed a Motion Pursuant to Court Order Seeking Leave to File (Doc. 8). The two Motions are also self-styled forms that do not contain any facts specific to this or any other case. They are composed entirely of excerpts from statutes and case citations, and they fail to add the crucial information needed to state a claim against this particular defendant. The Motions are frivolous and are denied.

Furthermore, undeterred by the Court's warning against filing frivolous and harassing bulk litigation, Plaintiff continued to engage in vexatious behavior by filing one or both of these form Motions in at least twelve cases in this Court. *See Rayford, Jr. v. Kyle Media, Inc*, No. 3:25-cv-00269-JRK (N.D. Ohio) (Doc. 6); *Rayford, Jr. v. Checkers Drive-In Restaurants, Inc.*, No. 3:25-cv-00294-JRK (N.D. Ohio) (Doc. 7); *Rayford, Jr. v. Panda Restaurant Group*, Inc., No. 3:25-cv-00326-JJH (N.D. Ohio) (Doc. 10); *Rayford, Jr. v. CCFI Companies, LLC*, No. 3:25-cv-00338-JJH (N.D. Ohio) (Docs. 4, 7); *Rayford, Jr. v. Krispy Kreme Doughnut Corporation*, No. 3:25-cv-00345-JRK (N.D. Ohio) (Doc. 4); *Rayford, Jr. v. Whiteford Kenworth*, No. 3:25-cv-00347-JJH (N.D. Ohio) (Docs. 6, 8); *Rayford, Jr. v. Boy Scouts of America*, No. 3:25-cv-00348-JJH (N.D. Ohio) (Docs. 4, 6); *Rayford, Jr. v. Hospital Service Associates, Inc.*, No. 3:25-cv-00362-JJH (N.D.

Ohio) (Doc. 5); *Rayford, Jr. v. Hirzel Canning Company*, 3:25-cv-00365-JRK (N.D. Ohio) (Doc. 6); *Rayford, Jr. v. Impact Employment Solutions*, 3:25-cv-00366-JRK (N.D. Ohio) (Doc. 6); *Rayford, Jr. v. Concord Care Center of Toledo*, No. 3:25-cv-00372-JJH (N.D. Ohio) (Doc. 3); *Rayford, Jr. v. Libbey Glass LLC*, No. 3:25-cv-00382-JRK (N.D. Ohio) (Doc. 4). This Court notes that Judge James G. Carr enjoined Plaintiff from filing additional Motions in his case due to his excessive filings. *See Rayford, Jr. v. Amazon.com Services, LLC*, No. 3:24-cv-02195 (N.D. Ohio). In light of Plaintiff's behavior in this and other cases in this federal court and in state court, Plaintiff is enjoined from filing any new Motions or documents in this case.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 3) be, and the same hereby is, GRANTED and this action is dismissed; and it is

FURTHER ORDERED that Plaintiff's Motions for Judgment (Doc. 6) and Motion Pursuant to Court Leave (Doc. 8) be, and the same hereby are, DENIED; and it is

FURTHER ORDERED that Plaintiff is enjoined from filing any new Motions or documents in this case; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2025